In the United States District Court
For the District of Columbia

| | |
|---|---|
| **United States of America** | ) |
| | ) |
| v. | )   Case No. 1:21-cr-00263-TSC |
| | ) |
| **Russell Dean Alford** | ) |

**Redacted Motion to Continue and
to Exclude Time Under the Speedy Trial Act[1]**

Mr. Russell D. Alford, by and through counsel and without opposition from the United States, moves this Honorable Court to continue the change-of-plea hearing, currently scheduled for October 29, 2021, for not less than 45 days. Mr. Alford asks, pursuant to 18 U.S.C. §§ 3161(h)(1), (h)(7)(A), that all time in the interim be excluded from Speedy Trial Act calculations.

In support, Mr. Alford states as follows:

1. On March 30, 2021, Mr. Alford was charged by Information with one count of Entering and Remaining in any Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); one count of Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D), and one count of Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(F). (Doc. 8.)

2. On April 1, 2021, the defendant had his initial appearance and arraignment in the U.S. District Court for the District of Columbia, after which he was

---

[1] This Motion is redacted per the Minute Order dated 10/26/2021.

released on his personal recognizance subject to conditions. (Doc. 11.) Magistrate Judge Harvey excluded time under the Speedy Trial Act between April 1 and April 7, 2021.

3. Following a status hearing on April 7, 2021, the Court excluded time in the interest of justice between April 7 and June 7, 2021, the date of the next scheduled status conference.

4. On May 25, 2021, the Court, pursuant to an unopposed motion filed by the government, entered a protective order governing the dissemination of discovery. (Doc. 18.)

5. At a status hearing on June 11, 2021, the Court, upon the consent of both parties, excluded time in the interest of justice between June 11 and August 23, 2021, the date of the next scheduled status conference.[2]

6. At the August 23, 2021, status hearing, the Court, upon the consent of both parties, excluded time in the interest of justice between August 23 and October 22, 2021, the date of the next scheduled status conference.

7. On October 19, 2021, the parties informed the Court that they had reached an agreement in principle to resolve this case by plea agreement. The parties requested that the Court vacate the October 22, 2021 status conference and set a plea hearing date.

8. On October 20, 2021, the Court vacated the October 22 status conference and set a plea hearing of October 29, 2021 at 12:30 p.m.

---

[2] The time between June 7—the date of the originally scheduled status hearing—and June 11— the rescheduled status hearing—was not excluded under the Speedy Trial Act.

9. On October 22, 2021, the parties jointly moved to exclude the time between October 22, 2021, and October 29, 2021, to permit them the time necessary to finalize plea paperwork and for Mr. Alford to have the opportunity to review additional discovery disclosures from the United States. (Doc. 23.)

10. Despite due diligence, counsel requires additional time to review the new discovery disclosures and make it available to Mr. Alford under the conditions set forth in the Protective Order. (Doc. 18.)

11. ███████████████████████████████████████████████████████

12. In light of the need for additional time to review the new discovery disclosures, ████████████████████████████, Mr. Alford asks this Honorable Court to find that the ends of justice served by granting the requested continuance outweigh the best interests of the public, and Mr. Alford himself, in convening trial within the 70-day period otherwise required by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A). In weighing whether to grant such a continuance, the Act directs the Court to consider "[w]hether the failure to grant such a continuance in a case [ . . . ] would deny [. . .] counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.*

at (h)(7)(B)(IV). ███████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████

13. Counsel has conferred with Assistant United States Attorney Hava Mirell, and the government does not oppose Mr. Alford's request for a continuance.

14. Mr. Alford personally consents in the requested continuance, as memorialized in the attached Notice of Waiver of Speedy Trial.

15. Requests for a trial continuance under the ends-of-justice provision are committed to the district court's discretion, "within limits and subject to specific procedures," to "accommodate limited delays for case-specific needs." *Zedner v. United States*, 547 U.S. 489, 499 (2006). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir. 2014) (internal citation omitted).

    Respectfully submitted,

    KEVIN L. BUTLER
    Federal Public Defender
    Northern District of Alabama

    **/s/ James Gibson**
    JAMES GIBSON
    Assistant Federal Public Defender
    505 20th Street North, Suite 1425
    Birmingham, Alabama 35203
    (205) 208-7170
    James_Gibson@fd.org

## CERTIFICATE OF SERVICE

 I hereby certify that on October 27, 2021, I electronically filed the foregoing via this Court's CM/ECF system, which will send notice of such filing to all counsel of record.

    Respectfully submitted,

    **/s/ James Gibson**
    JAMES GIBSON
    Assistant Federal Public Defender