UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-cr-263 (TSC) |
| | : | |
| RUSSELL DEAN ALFORD, | : | |
| | : | |
| Defendant. | : | |

**RESPONSE TO ORDER OF THE COURT**

During a December 17, 2021 status conference in the above-captioned matter, the Court ordered the government to brief whether the defendant, Russell Dean Alford, is eligible for a jury trial. As explained below, the defendant has a right to jury trial on two of the four counts with which he is charged.

Alford is charged by Information with four misdemeanors:

1. Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1)

2. Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2);

3. Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and

4. Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

ECF No. 8. The first two counts, hereinafter referred to as the § 1752 counts, are Class A misdemeanors because they are punishable by up to one year of imprisonment. *See* 18 U.S.C. § 1752(b)(2); 18 U.S.C. § 3559(a)(6) (classifying offenses punishable by one year or less, but more

than six months of imprisonment, as Class A misdemeanors).  The latter two counts, hereinafter referred to as the § 5104 counts, are Class B misdemeanors or "petty offenses," because they are punishable by up to six months of imprisonment and a $5,000 fine.  *See* 40 U.S.C. § 5109(b) ("A person violating section [5104(e)(2)] of this title, or attempting to commit a violation, shall be fined under title 18, imprisoned for not more than six months, or both."); 18 U.S.C. § 3559(a)(7) (classifying offenses punishable by six months or less but more than thirty days as Class B misdemeanors); 18 U.S.C. § 19 (defining the term "petty offense" to include Class B misdemeanors); 18 U.S.C. § 3571(b)(6) (setting a $5,000 fine for a Class B misdemeanor that does not result in death).  The § 5104 counts also carry a 5-year term of probation.  18 U.S.C. § 3561(c)(2),

As the Court correctly noted, the defendant is not entitled to a jury trial for the § 5104 counts under the reasoning in *United States v. Nachtigal*, 507 U.S. 1 (1993).  The Sixth Amendment reserves the jury trial right for prosecutions of serious offenses, meaning that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provisions." *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968).  To determine whether an offense is "petty" for purposes of the Sixth Amendment, courts must consider the maximum penalty attached to the offense.  *Lewis v. United States*, 518 U.S. 322, 326 (1996) (quoting *Blanton v. North Las Vegas*, 489 U.S. 538, 542 (1989)).  The statutory maximum penalty is "considered the most relevant [criterion] with which to assess the character of an offense, because it reveals the legislature's judgment about the offense's severity." *Id.*  While courts must also consider other penalties, such as probation or a fine, in determining the severity of the offense, the deprivation of liberty imposed by imprisonment makes that penalty the best indicator of whether the legislature considered an offense to be "petty" or "serious." *Id.*

In *Nachtigal*, the Supreme Court found that a defendant who faced a maximum term of imprisonment of six months and $5,000 in fines based on a DUI charge did not have a right to a jury. The Court first reasoned that because the maximum term of imprisonment was six months, the DUI was "presumptively a petty offense to which no jury trial right attached." *Nachtigal*, 507 U.S. at 4. The Court next analyzed the additional fine penalties to determine whether they overcame the presumption, and ultimately held that a $5,000 penalty and a 5-year probation alternative were "not sufficiently severe to overcome [the] presumption." *Id.* at 5. Here, as in *Nachtigal*, the penalties the defendant faces for the § 5104 counts, viewed together with the maximum prison term of six months, are not sufficiently severe to overcome the presumption that the § 5104 counts are "petty offenses" to which no jury trial right attaches.

Were the defendant charged only with the § 5104 counts, he would not be entitled to a jury trial. But because the defendant is also charged with the § 1752 counts, he is, in fact, entitled to a jury trial. In *Baldwin v. New York*, 399 U.S. 66, 69 (1970), the Supreme Court held that a defendant is entitled to a jury trial whenever the offense for which he is charged carries a maximum authorized prison term of greater than six months. Here, because the § 1752 counts carry a maximum authorized prison term of one year, the defendant is entitled to a jury trial on those counts.

Respectfully submitted,

MATTHEW M. GRAVES
Acting United States Attorney
D.C. Bar No. 481052

*/s/ Hava Mirell*
HAVA MIRELL
Assistant United States Attorney
CA Bar No. 311098
United States Attorney's Office, Detailee
555 Fourth Street, N.W.

3

                                          Washington, DC 20530  
                                          (213) 894-0717  
                                          Hava.Mirell@usdoj.gov

## Certificate of Service

I hereby certify that on January 31, 2022, I caused a copy of the foregoing memorandum to be served on counsel of record via electronic filing.

                                        */s/ Hava Mirell*
                                        HAVA MIRELL
                                        Assistant United States Attorney