# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CASE NO. 21-cr-263 (TSC)** |
| : | |
| **RUSSELL DEAN ALFORD,** : | |
| : | |
| **Defendant.** : | |

## PRETRIAL SCHEDULING ORDER

1. **TRIAL**. Trial of this matter will commence on September 28, 2022, at 9:30 a.m., in Courtroom 9.

2. **PRE-TRIAL CONFERENCE**. A pre-trial conference will be held on August 29, 2022, at 11:30 a.m. via videoconference, provided the defendant consents. The Court will rule on all pre-trial motions and objections to proposed exhibits, to the extent possible, at the pre-trial conference, hearing argument as necessary

3. **PRE-TRIAL AND SUPPRESSION MOTIONS**. Any motions to suppress evidence, and any other pre-trial motions (excluding motions in limine), shall be filed on or before July 13, 2022. Oppositions shall be due on or before July 27, 2022, and replies shall be due on or before August 3, 2022. The Court will schedule a hearing on the motion(s) as necessary.

4. **Fed. R. Evid. 404(b) NOTICE**. Not later than July 27, 2022, the government shall provide notice of evidence it intends to offer pursuant to Fed. R. Evid. 404(b).

5. **MOTIONS IN LIMINE**. All motions in limine shall be filed on, or before, August 3, 2022. Responses shall be filed not later than August 17, 2022, and replies shall be filed not later than August 24, 2022.

6. **PROPOSED JURY INSTRUCTIONS**. Counsel shall file proposed jury instructions and a proposed verdict form—jointly, to the extent possible—on or before August 17, 2022. To the extent that they are pattern jury instructions from the current version of the Redbook, it is sufficient simply to list the numbers of those instructions. Special instructions shall be submitted verbatim with citations to cases and other authorities to support each instruction.

7. **BRADY AND GIGLIO**. The government is under a continuing and ongoing obligation to provide defense counsel any favorable or exculpatory information (*Brady*) as it becomes available, whether or not admissible in evidence. *Brady* information must be disclosed on a rolling basis and "the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any government witness (*Giglio*)—including *Lewis* material—on or before September 14, 2022. *See United States v. Celis*, 608 F.3d 818, 835–36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing. The government may request a protective order to preclude counsel from sharing *Giglio* information with their client.

8. **EXPERT WITNESSES**. The parties shall disclose any expert witnesses, accompanied by a brief description of each witness's area of expertise and expected testimony, by July 13, 2022.

9. **EXHIBIT LISTS**. The parties shall exchange lists of exhibits they intend to use in their cases-in-chief by August 3, 2022. The parties shall file objections to the admissibility of exhibits, to the extent practicable, by August 17, 2022, and replies shall be filed not later than August 24, 2022. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from Courtroom Deputy Clerk. The written list of exhibits must contain a brief

description of each exhibit. At the commencement of trial, counsel shall furnish the Court with two sets of binders containing their exhibit lists and copies of their pre-marked exhibits.

10. **WITNESS LISTS**. The parties shall exchange lists of witnesses they intend to call in their cases-in-chief by September 12, 2022. On that same date, the government shall also provide to the defense all *Brady* or *Giglio* material not previously provided pertaining to each witness on the list. Counsel will not be absolutely bound by the witness lists or the sequence. In some cases, security concerns may justify nonidentification of witnesses by the government until shortly before they are actually called. These situations, if any, shall be brought to the Court's attention in camera when the witness list, excluding those names, is provided to defense counsel.

11. **JUROR QUESTIONNAIRE**. The parties shall meet and confer regarding the defendant's proposed juror questionnaire, as directed in the Court's April 18, 2022, order. (Doc. 46 at 15.) The defense shall provide a proposed juror questionnaire to the government not later than May 18, 2022. The government shall communicate any objections to the defense not later than June 1, 2022. On or before June 8, 2022, the parties shall jointly file a proposed copy of the juror questionnaire, noting any unresolved objections and succinctly stating the parties' respective positions. The Court will rule on any unresolved objections, hearing argument as necessary. After the ruling on objections, the juror questionnaire shall be provided to the jury selection office forthwith for dissemination. On or before September 14, 2022, the parties will receive a copy of the juror questionnaire responses.

12. **VOIR DIRE**. Counsel shall jointly submit both a short narrative description of the case, to be read to the prospective jurors, and proposed voir dire questions on or before September 14, 2022. As set forth in the Court's April 18, 2022, order, the parties may be present for any pre-screening questioning of prospective jurors that the Court conducts prior to the commencement of

formal voir dire. (Doc. 46 at 15.) During formal voir dire, the parties shall be permitted to ask reasonable follow-up questions of individual jurors. (*Id*.)

13.    **JURY SELECTION**. Except as already provided herein, the Court will summarize its jury-selection procedures at the pre-trial conference.

Date: May 25, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge