UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-cr-263 (TSC) |
| | : | |
| RUSSELL DEAN ALFORD, | : | |
| | : | |
| Defendant. | : | |

**RESPONSE TO THE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE GOVERNMENT ARGUMENTS FOR VICARIOUS CRIMINAL LIABILITY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following response to defendant's motion in limine to preclude government arguments for vicarious criminal liability. (ECF No. 75.) For the reasons stated herein, Alford's motion should be denied.[1]

As a general matter, the government agrees that Alford is not liable for the conduct of people around him in the Capitol building on January 6, 2021.[2] But from there, Alford incorrectly extrapolates that "the government will suggest the jury may consider other persons' conduct to find that the actus reus elements of Mr. Alford's charges are satisfied." (ECF No. 75 at 2.) This is not what the government has argued in its prior pleadings, nor what it will argue at trial. Rather, as the government has previously stressed, the conduct of people who were near Alford in the

---

[1] The government raises no objection to the timing of Alford's motion.

[2] Alford could face criminal liability, of course, for any acts that he aided or abetted. 18 U.S.C. § 2. While Alford notes that "the government has not charged a conspiracy, nor aiding and abetting" (ECF No. 75 at 4), accomplice liability is always at issue, whether or not pled in the indictment or information. *United States v. Lam Kwong-Wah*, 924 F.2d 298, 302 (D.C. Cir. 1991) ("an indictment need not specifically include an aiding and abetting charge because, whether specified or not, the federal statute creating liability for aiding and abetting . . . is considered embodied in full in every federal indictment") (internal quotations omitted).

Capitol is relevant to explain how his conduct was disorderly and disruptive, and to prove his motive and mens rea. (ECF No. 59 at 3-4, ECF No. 70 *in toto*.) Alford's argument to the contrary mischaracterizes the government's position.

## Argument

I.  **The Conduct of Other Rioters is Relevant to Proving Alford's Disorderly and Disruptive Conduct**

The government certainly has stressed that "the nature of these crimes is collective action" and that "the mob's collective action disrupted Congress." (ECF No. 59 at 3.) This is important because Counts Two and Three charge the defendant with committing disorderly and disruptive conduct. 18 U.S.C. § 1752(a)(2); 40 U.S.C. § 5104(e)(2)(D). Both crimes require proof of disorderly and disruptive conduct: with the intent to impede or disrupt government business (Count Two) or an orderly session of Congress (Count Three). *Id.* And Count Two carries the additional requirement that the conduct "*in fact*, impedes or disrupts the orderly conduct of Government business or official functions." 18 U.S.C. § 1752(a)(2) (emphasis added). As can be seen from the proposed jury instructions, both parties agree that disorderly conduct includes conduct that is "unreasonably loud and disruptive under the circumstances." (ECF No. 66 at 12, 17.) In other words, context matters.

To prove that the defendant's conduct was disorderly and disruptive, and that the defendant's conduct in fact impeded or disrupted Congress, the government will present testimony from U.S. Capitol Police (USCP) and Metropolitan Police Department (MPD) officers. USCP officers will explain that the Capitol building was closed to the public on January 6, 2021. No member of the mob was authorized to be in the Capitol, no member of the mob submitted to security checks, and the USCP assessed every member of the mob to be an active threat. Given a variety of factors, including the size of the crowd and the existence of multiple breach points,

Congress was forced to recess. Congress could not resume its business until the entire mob was cleared. Alford was in the building, and USCP and MPD officers had to expel him (and others) before Congress could return from recess. In that way, his conduct was *in fact* disruptive. And proof of this requires evidence of the conduct of other rioters. As Judge Kollar-Kotelly explained in another January 6 case:

> The following metaphor is helpful in expressing what the statute [18 U.S.C. §1752(a)(2)] *does* require. Just as heavy rains cause a flood in a field, each individual raindrop itself contributes to that flood. Only when all of the floodwaters subside is order restored to the field. The same idea applies in these circumstances. Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption. Because Rivera's presence and conduct in part caused the continued interruption to Congressional proceedings, the Court concludes that Rivera in fact impeded or disrupted the orderly conduct of Government business and official functions.

*United States v. Jesus D. Rivera*, Case No. 1:21-cr-00060 (CKK), ECF No. 62 at 13. In other words, "the nature of these crimes is collective action. It was the mob's collective action that disrupted Congress . . . ." (ECF No. 59 at 3.) This characterization from the government's earlier pleading misstates nothing and is fair argument for the jury.

II. **The Conduct of Other Rioters, Where Alford Could Have Observed It (or Where He Discussed It) is Relevant to Proving His Mens Rea and Motive**

The government has consistently and clearly argued that the conduct of other rioters is relevant for another purpose. Where other rioters near Alford did something that he could have observed, or where Alford talked or wrote about the conduct of other rioters, their conduct is probative of his mens rea and motive. (*See* ECF No. 59 at 3-4; ECF No. 70 *in toto*.)

Alford's motion in limine does not acknowledge that the government has been arguing about mens rea at all. Instead, it lifts quotations from the government's responses out of context, ignoring this critical piece of the government's argument, to act as if the government is trying to impute other rioters' conduct to him. This is of a piece with the common theme that runs through

Alford's arguments elsewhere: "that contextual information should be seen as unnecessarily prejudicial or needlessly cumulative" and that "Alford's argument asks the Court to restrict the government's case by precluding evidence about why Alford went to the Capitol, what he said about his time there, and what police officers experienced . . . as they defended the Capitol from a mob." (ECF No. 70 at 1.)

It is neither novel nor controversial to see other people's behavior as probative of Alford's state of mind. Indeed, in other trials arising out of the January 6, 2021 riot at the Capitol, the government has made similar arguments about the relationship between the conduct of nearby rioters and other defendants' states of mind. *E.g.*, *Rivera*, Tr. 6/15/2022 at 198 (Closing Argument) ("Mr. Rivera was part of a huge collective of people who disrupted Congress and the staff as they worked. . . . He heard people chanting outside the building. "Whose house? Our house." He heard those same chants when he entered the building as well. He watched rioters confront law enforcement on the west front plaza and fight to fend off the mobs on the northwest stairs.")

To be sure, the defense may argue—if the evidence supports it—that Alford failed to see, hear, or understand what was happening around him. But the defense should not be able to convert this argument into a legal principle which treats the events happening around Alford as irrelevant. Context matters. The behavior of other rioters, together with other evidence, will establish Alford's intent and motive when he joined them in breaching the Capitol and remaining inside.

**Conclusion**

For the reasons stated above, the Court should deny Alford's motion in limine.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

By:    */s/ Michael J. Romano*
         MICHAEL J. ROMANO
         IL Bar No. 6293658
         Trial Attorney, Detailee
         601 D Street, N.W.
         Washington, D.C. 20530
         Telephone No. (202) 262-7850
         michael.romano@usdoj.gov

         */s/ James D. Peterson*
         James D. Peterson
         Special Assistant United States Attorney
         Bar No. VA 35373
         United States Department of Justice
         1331 F Street N.W. 6th Floor
         Washington, D.C. 20530
         Desk: (202) 353-0796
         Mobile: (202) 230-0693
         James.d.peterson@usdoj.gov